LDA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MADISON REALTY CAPITAL, L.P.,<br>Plaintiff | : | |
| v. | : | C.A. No. |
| TOMASSO J. MARSELLA and<br>ALEXANDER ROZKOV,<br>Defendants | : | CA 08 344 ML |

## COMPLAINT

Preliminary Statement

This is an action to recover sums due the Plaintiff, Madison Realty Capital, L.P., from the Defendants, Tomasso J. Marsella and Alexander Rozkov, under a Guaranty of the obligations of 146 Investment Partners, LLC, a Rhode Island limited liability company.

Jurisdiction

1. The Plaintiff, Madison Realty Capital, L.P. (the "Plaintiff"), invokes the jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1332(a)(1).

Venue

2. Venue is properly within the District of Rhode Island pursuant to 28 U.S.C. § 1391(a)(1).

Parties

3. The Plaintiff is a Delaware limited partnership having its principal place of business in the City and County of New York, State of New York.

4. Defendant Tomasso J. Marsella, Alias John Doe ("Marsella"), is a citizen and resident of the Town of North Smithfield, County of Providence, State of Rhode Island.

5. Defendant Alexander Rozkov, Alias John Doe ("Rozkov"), is a citizen and resident of the Town of North Kingstown, County of Washington, State of Rhode Island.

Count I

6. On or about November 15, 2006, 146 Investment Partners, LLC ("146"), a Rhode Island limited liability company, executed and delivered to Madison a Mortgage Note (the "Note") in the original principal amount of Four Million, Three Hundred Thousand and 00/100 Dollars ($4,300,000.00). Pursuant to the Note, Madison loaned the sum of Four Million, Three Hundred Thousand and 00/100 Dollars ($4,300,000.00) to 146. Upon information and belief, Defendant Marsella is the managing member of 146.

7. The obligations and indebtedness of 146 owed to Madison were secured by the absolute and unconditional Guaranty of Marsella and Rozkov dated November 15, 2006. A copy of the Guaranty is attached hereto as Exhibit 1. The Guaranty provides, in part:

> In consideration of advances, loans, extensions of credit, renewals, acquisition of notes, mortgages, and other instruments for payment of money due or to become due, heretofore made to or for the account of **146 INVESTMENT PARTNERS, LLC**, having an address at 408 Eddie Dowling Highway, North Smithfield, Rhode Island 02896 (hereinafter referred to as "Borrower") by **MADISON REALTY CAPITAL, L.P.**, its successor and/or assigns, as their interests may appear, having offices at 261 Madison Avenue, 18th Floor, New York, New York 10016 (hereinafter referred to as "Lender"), the undersigned [Marsella and Kozkov] (each, any and all of whom being hereinafter referred to individually and, if more than one, collectively, as "Guarantor"), jointly and severally (if more than one) hereby absolutely and unconditionally guarantees to Lender the prompt payment of claims of every nature and description of Lender against Borrower and any and every obligation and liability of Borrower to Lender or whatsoever nature and howsoever evidenced, whether now existing or hereafter incurred, whether originally contracted with Lender, or subsequently acquired by Lender, in whole or in part, whether direct or indirect, absolute or contingent, secured or not secured, matured or not matured, including, but not limited to those payments, obligations and liabilities contained in the Note, Mortgage and Other Security Documents (each as defined in that certain Mortgage Note executed simultaneously herewith), all of which are hereinafter referred to as "Obligations").

1. Guarantor hereby covenants and agrees to and with Lender, its successors and/or assigns, that if Borrower shall at any time default in the payment or performance of the Obligations, Guarantor, in each and every instance, shall and will forthwith pay such Obligations to the Lender, its successors and assigns, and shall and will forthwith faithfully perform and fulfill all of the Obligations, and will forthwith pay to Lender any and all damages that may raise as a result of any default by Borrower under any of the Obligations (including, without limitation, all reasonable attorneys' fees, disbursements and court costs suffered or paid by Lender in any action or proceeding between Lender and Borrower, between Lender and Guarantor or between Lender and any third party or otherwise) caused by any such default and/or by the enforcement of this Guaranty.

2. The Guarantor agrees that, with or without notice or demand, it shall reimburse Lender for all costs and expenses (including, without limitation, reasonable attorneys fees, disbursements and court costs) incurred by Lender in connection with any action or proceeding brought by Lender to enforce the obligations of the Guarantor under this Guaranty.

The Guaranty further provides in Paragraph 6:

6. This Guaranty is an absolute and unconditional guaranty of payment and performance and not of collection. The Guarantor waives any right to require that any action be brought against Borrower or any other person or party or to require that resort be had to any security or to any balance of any deposit account or credit on the books of Lender in favor of Borrower or any other person or party.

Paragraph 11 and 12 of the Guaranty provide:

11. The Guarantor acknowledges that this Guaranty and the obligations of the Guarantor under this Guaranty are and shall at all times continue to be absolute and unconditional in all respects, and shall at all times be valid and enforceable irrespective of any other agreements or circumstances of any nature whatsoever that might otherwise constitute a defense to this Guaranty and the obligations of the Guarantor under this Guaranty or the obligations of any other person or party (including, without limitation, Borrower) relating to this Guaranty or otherwise with respect to the Obligations. This Guaranty sets forth the entire agreement and understanding of Lender and the Guarantor, and the Guarantor absolutely, unconditionally and irrevocably waives any and all right to assert any defense, setoff, counterclaim or crossclaim of any nature whatsoever with respect to this Guaranty or the obligations of the Guarantor under this Guaranty or the obligations of any other person or party (including, without limitation, Borrower) relating to this Guaranty or otherwise with respect to the Obligations, or in any action or proceeding brought by Lender to collect the Obligations, or any portion thereof, or to enforce the obligations of the Guarantor

under this Guaranty. The Guarantor acknowledges that no oral or other agreements, understandings, representations or warranties exist with respect to this Guaranty or with respect to the obligations of the Guarantor under this Guaranty, except those specifically set forth in this Guaranty.

12. The Guarantor hereby irrevocably and unconditionally waives, and Lender by its acceptance of this Guaranty irrevocably and unconditionally waives, any and all rights to trial by jury in any action, suit or counterclaim arising in connection with, out of or otherwise relating to this Guaranty.

8. Pursuant to the terms of the Note, the indebtedness evidenced thereunder matured on November 14, 2007 (the "Maturity Date") and the entire outstanding principal balance of the Note, together with all accrued and unpaid interest, became due and payable on the Maturity Date. The Note provides that "**TIME IS OF THE ESSENCE**" with regard to Maker's [146's] performance of all the terms, covenants and conditions of" the Note.

9. 146 is in default under the terms of the Note for, including but not limited to, the failure to make payment in full thereunder on the Maturity Date as provided therein.

10. As of September 15, 2008, the amount due Madison pursuant to the Guaranty was $5,132,741.44 with interest accruing at the rate of $2,866.67 per day, plus accrued and accruing expenses, costs, late fees and attorneys' fees.

WHEREFORE, the Plaintiff, Madison Realty Capital, L.P., demands judgment against the Defendants, Tomasso J. Marsella and Alexander Rozkov, jointly and severally, in the amount of $5,132,741.44, plus interest from September 15, 2008 at the rate of $2,866.67 per day, plus expenses, costs, late fees and attorneys' fees pursuant to the terms of the Guaranty.

MADISON REALTY CAPITAL, L.P.

By Its Attorneys,

Justin T. Shay (#2781)
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, Rhode Island 02903
Tel. (401) 331-5700
Fax (401) 331-5787

Date: September 15, 2008

G:\cmc\Madison Realty\pldgs\complaint-usdc.doc