# GUARANTY

East Providence, Rhode Island                                                November 15, 2006

     In consideration of advances, loans, extensions of credit, renewals, acquisition of notes, mortgages, and other instruments for payment of money due or to become due, heretofore made to or for the account of **146 INVESTMENT PARTNERS, LLC**, having an address at 408 Eddie Dowling Highway, North Smithfield, Rhode Island 02896 (hereinafter referred to as "Borrower") by **MADISON REALTY CAPITAL, L.P.**, its successor and/or assigns, as their interests may appear, having offices at 261 Madison Avenue, 18th Floor, New York, New York 10016 (hereinafter referred to as "Lender"), the undersigned (each, any and all of whom being hereinafter referred to individually and, if more than one, collectively, as "Guarantor"), jointly and severally (if more than one) hereby absolutely and unconditionally guarantees to Lender the prompt payment of claims of every nature and description of Lender against Borrower and any and every obligation and liability of Borrower to Lender or whatsoever nature and howsoever evidenced, whether now existing or hereafter incurred, whether originally contracted with Lender, or subsequently acquired by Lender, in whole or part, whether direct or indirect, absolute or contingent, secured or not secured, matured or not matured, including, but not limited to those payments, obligations and liabilities contained in the Note, Mortgage and Other Security Documents (each as defined in that certain Mortgage Note executed simultaneously herewith), all of which are hereinafter referred to as "Obligations").

    1.    Guarantor hereby covenants and agrees to and with Lender, its successors and/or assigns, that if Borrower shall at any time default in the payment or performance of the Obligations, Guarantor, in each and every instance, shall and will forthwith pay such Obligations to the Lender, its successors and assigns, and shall and will forthwith faithfully perform and fulfill all of the Obligations, and will forthwith pay to Lender any and all damages that may arise as a result of any default by Borrower under any of the Obligations (including, without limitation, all reasonable attorneys' fees, disbursements and court costs suffered or paid by Lender in any action or proceeding between Lender and Borrower, between Lender and Guarantor or between Lender and any third party or otherwise) caused by any such default and/or by the enforcement of this Guaranty.

    2.    The Guarantor agrees that, with or without notice or demand, it shall reimburse Lender for all costs and expenses (including, without limitation, reasonable attorneys fees, disbursements and court costs) incurred by Lender in connection with any action or proceeding brought by Lender to enforce the obligations of the Guarantor under this Guaranty.

    3.    The Guarantor agrees that all moneys available to Lender for application in payment or reduction of the Obligations may be applied by Lender in such manner and in such amounts and at such time or times and in such order, priority and proportions as Lender may elect.

    4.    The Guarantor hereby consents that, from time to time, before or after any default by Borrower, with or without further notice to or assent from the Guarantor, any security at any time held by or available to Lender for any obligation of Borrower, or any security at any time

RE\50260\9025\322780v2

representatives, successors and assigns of the Guarantor, all of whom shall be bound by the provisions of this Guaranty, provided, however, that the Guarantor shall in no event or under any circumstance have the right without obtaining the prior written consent of Lender, in Lender's sole and absolute discretion, to assign or transfer the obligations and liabilities of the Guarantor under this Guaranty, in whole or in part, to any other person, party or entity.

9. No delay on the part of Lender in exercising any right or remedy under this Guaranty or failure to exercise the same shall operate as a waiver in whole or in part of any such right or remedy. No notice to or demand on the Guarantor shall be deemed to be a waiver of the obligation of the Guarantor or of the right of Lender to take further action without notice or demand as provided in this Guaranty.

10. This Guaranty may be modified, amended, changed or terminated only by an agreement in writing signed by Lender and the Guarantor. No waiver of any term, covenant or provision of this Guaranty shall be effective unless given in writing by Lender, and if so given by Lender, shall be effective only in the specific instance in which given.

11. The Guarantor acknowledges that this Guaranty and the obligations of the Guarantor under this Guaranty are and shall at all times continue to be absolute and unconditional in all respects, and shall at all times be valid and enforceable irrespective of any other agreements or circumstances of any nature whatsoever that might otherwise constitute a defense to this Guaranty and the obligations of the Guarantor under this Guaranty or the obligations of any other person or party (including, without limitation, Borrower) relating to this Guaranty or otherwise with respect to the Obligations. This Guaranty sets forth the entire agreement and understanding of Lender and the Guarantor, and the Guarantor absolutely, unconditionally and irrevocably waives any and all right to assert any defense, setoff, counterclaim or crossclaim of any nature whatsoever with respect to this Guaranty or the obligations of the Guarantor under this Guaranty or the obligations of any other person or party (including, without limitation, Borrower) relating to this Guaranty or otherwise with respect to the Obligations, or in any action or proceeding brought by Lender to collect the Obligations, or any portion thereof, or to enforce the obligations of the Guarantor under this Guaranty. The Guarantor acknowledges that no oral or other agreements, understandings, representations or warranties exist with respect to this Guaranty or with respect to the obligations of the Guarantor under this Guaranty, except those specifically set forth in this Guaranty.

12. The Guarantor hereby irrevocably and unconditionally waives, and Lender by its acceptance of this Guaranty irrevocably and unconditionally waives, any and all rights to trial by jury in any action, suit or counterclaim arising in connection with, out of or otherwise relating to this Guaranty.

13. Notwithstanding any payments made by the Guarantor pursuant to the provisions of this Guaranty, the Guarantor shall have no right of subrogation in and to any of the Obligations or the payment thereof until the Obligations have been paid in full to Lender or performed and all preference periods have lapsed. The Guarantor agrees that if any payment made by the Borrower or the Guarantor to Lender or any portion of the Obligations is rescinded, recovered from or repaid by Lender, in whole or in part in any bankruptcy, insolvency or similar proceeding instituted by or against the Borrower or Guarantor, this Guaranty shall continue to be fully applicable to such Obligations to the same extent as though the payment so recovered or

repaid had never originally been made on such Obligations regardless of, and, without giving effect to, any discharge or release of the Guarantor's obligations hereunder granted by Lender after the date hereof.

    14.    Any notice, request or demand given or made under this Guaranty shall be in writing and shall be hand delivered or sent by Federal Express or other reputable overnight courier service or by postage prepaid registered or certified mail, return receipt requested, to the respective addresses set forth at the beginning or end of this Guaranty, as the case may be, and shall be deemed given (i) if sent by hand, when delivered; (ii) if sent by Federal Express or other reputable courier service, one (1) day following deposit with such courier service; or (iii) if sent by registered or certified mail, three (3) business days after being postmarked. Refusal to accept delivery of a notice shall be deemed delivery thereof. Each party to this Guaranty may designate a change of address by notice given to the other party fifteen (15) days prior to the date such change of address is to become effective.  Notices required or permitted to be given hereunder may be given by a party's attorneys.

    15.    This Guaranty is, and shall be deemed to be, a contract entered into under and pursuant to the laws of the State of New York and shall in all respects be governed, construed, applied and enforced in accordance with the laws of the State of New York, and/or the State of Rhode Island, at Lender's sole discretion without regard to the principles of conflicts of law of such State. No defense given or allowed by the laws of any other state or country shall be interposed in any action or proceeding hereon unless such defense is also given or allowed by the laws of the State of New York.

    16.    The Guarantor agrees to submit to personal jurisdiction in the State of New York, New York County or, at Lender's sole discretion, Providence County, Rhode Island, in any action or proceeding arising out of this Guaranty and, in furtherance of such agreement, the Guarantor hereby agrees and consents that, without limiting other methods of obtaining jurisdiction, personal jurisdiction over the Guarantor in any such action or proceeding may be obtained within or without the jurisdiction of any court (including, without limitation, a United States court) located in and for New York County or, at Lender's sole discretion, Providence County, Rhode Island, and that any process or notice of motion or other application to any such court in connection with any such action or proceeding may be served upon the Guarantor by registered or certified mail to or by personal service at the last known address of the Guarantor, whether such address is within or without the jurisdiction of any such court.

    17.    Each of the Guarantors hereby represent and warrant:

    (a)    That this Guaranty constitutes the legal, valid and binding obligations of the Guarantor, enforceable against the Guarantor in accordance with its terms, subject to any applicable bankruptcy, insolvency or other similar law now or hereinafter in effect;

    (b)    Neither this Guaranty nor any of the documents executed in connection with the Loan to which the Guarantor is a party will violate any provision of law, rule, or regulation or any order of any court or other governmental agency to which the Guarantor is subject, the organizational documents of Guarantor, if any, the provisions of any agreement or instrument to which the Guarantor is a party or by which the Guarantor or any of the Guarantor's properties or assets are bound, or be in conflict with, result in a breach of, or constitute a default

under (with or without notice or lapse of time), any such agreement or instrument, or result in the creation or imposition of any lien, charge or encumbrance of any nature whatsoever upon any properties or assets of the Guarantor.

(c) No action or approval by or of and no filing or registration with any governmental or public body or authority, any subdivision thereof, or the consent of any other person or entity, or any other legal formality is required in connection with the entering into, performance or enforcement of this Guaranty, except those as have been obtained or taken and with respect to which a copy or other satisfactory evidence thereof has been furnished to Lender.

(d) The financial statements and tax returns of the Guarantor delivered to Lender are true, complete and accurate.

(e) The Guarantor shall not terminate or dissolve or suspend Guarantor's usual business activities, or convey, sell, lease, transfer or otherwise dispose all or a substantial part of the Guarantor's assets during the term of this Guaranty.

18. No exculpatory provisions, if any, contained in any of the Obligations shall in any event or under any circumstance be deemed or construed to modify, qualify or affect in any manner whatsoever the personal recourse obligations and liabilities of the Guarantor under this Guaranty.

19. In the event that there is more than one guarantor, this Guaranty may be executed in one or more counterparts by some or all of the parties hereto, each of which counterpart shall be an original and all of which together shall constitute a single agreement of guaranty. The failure of any party listed below to execute this Guaranty, or any counterpart hereof, shall not release any other party from his obligations hereunder.

**[Remainder of Page Intentionally Left Blank]**

IN WHEREOF, the Guarantor has duly executed this Guaranty the day and year first above set forth.

_____
Tommaso J. Marsella
96 St. Paul Street
North Smithfield, Rhode Island 02896
SS#: ███

_____
Alexander Rozkov
680 Fletcher Road
North Kingstown, Rhode Island 02852
SS#: ███

## ACKNOWLEDGMENT

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

On the 15th day of November 2006 before me, the undersigned, a Notary Public in and for said State, personally appeared Tommaso J. Marsella, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

> JAMES K. O'DONNELL
> Notary Public
> State of Rhode Island
> Commission Expires April 5, 2009

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

On the 15th day of November 2006 before me, the undersigned, a Notary Public in and for said State, personally appeared Alexander Rozkov, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

> JAMES K. O'DONNELL
> Notary Public
> State of Rhode Island
> Commission Expires April 5, 2009